James Robert MILLER, Appellant,

v.

The STATE of Texas, State.

No. 2–81–078–CR.

Court of Appeals of Texas, Fort Worth.

Feb. 24, 1982.

Coleman, Philips, White & Davidge and David C. White, Denton, for appellant.

Jerry Cobb, County Atty., Denton, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a conviction of aggravated rape. Punishment was set by the jury at forty years confinement in the Texas Department of Corrections.

We affirm.

There is only one ground of error asserted on appeal: That portion of the indictment alleging rape by threat is legally insufficient because it fails to allege all of the essential elements of a rape pursuant to V.T.C.A., Penal § 21.02(b)(2), which denies appellant due process of law. The ground of error was preserved by a timely motion to quash the indictment.

The indictment, omitting the formal parts, alleges that the appellant:

Did then and there knowingly and intentionally by force, that overcame such earnest resistance as might reasonably have been expected under the circumstances, compel (Complainant), a female not his wife, to submit to sexual intercourse with him without her consent; and the said JAMES ROBERT MILLER did then and there intentionally and knowingly by threats that would prevent resistance by a woman of ordinary resolution, compel (Complainant), a female not his wife, to submit to sexual intercourse with him without her consent; and that said JAMES ROBERT MILLER did then and there intentionally and knowingly compel (Complainant) to submit to sexual intercourse with him by threat of serious bodily injury and death to be imminently inflicted on (Complainant).

V.T.C.A., Penal § 21.02 defines rape as follows:

(a) A person commits an offense if he has sexual intercourse with a female not his wife without the female's consent.

(b) The intercourse is without the female's consent under one or more of the following circumstances:

. . . . .

(2) he compels her to submit or participate by any threat, communicated by actions, words, or deeds, that would prevent resistance by a woman of ordinary resolution, under the same or similar circumstances, because of a reasonable fear of harm.

Appellant contends that a criminal offense is not alleged because of the failure of the State to allege in its Indictment that:

(1) "*Under the same or similar circumstances*" a woman of ordinary resolution would not offer resistance, and

(2) "*Because of a reasonable fear of harm*" a woman of ordinary resolution would not offer resistance.

The indictment in this cause was returned under V.T.C.A., Penal § 21.03(a)(2), Aggravated Rape, and not under § 21.-02(b)(2), *supra.*

The same argument was made by the appellant in *Rogers v. State,* 550 S.W.2d 78 (Tex.Cr.App.1977). In that case the appellant was charged with aggravated sexual abuse under V.T.C.A., Penal § 21.05. The indictment in that cause alleged, omitting the formal parts:

'did then and there unlawfully knowingly and intentionally, by threatening the imminent infliction of death to Charles Douglas Hedrick, compel Charles Douglas Hedrick, a person not the spouse of Henry Albert Bradshaw, to engage in deviate sexual intercourse with Henry Albert Bradshaw without the consent of Charles Douglas Hedrick, by contact between the genitals of Henry Albert Bradshaw and the anus of Charles Douglas Hedrick with intent to arouse sexual desire of Henry Albert Bradshaw . . .'

The appellant in *Rogers v. State, supra,* did not file a motion to quash the indictment, but complained that the State failed

to allege and prove each element of the offense charged, beyond a reasonable doubt. The thrust of appellant's argument was that V.T.C.A., Penal § 21.05 prescribes that a person commits offense of aggravated sexual abuse if he commits sexual abuse as defined in V.T.C.A., Penal § 21.04 and commits certain aggravating factors set forth in (1) or (2) of § 21.05(a) and therefore the State was required to plead and prove the elements under V.T.C.A., Penal § 21.-04(b)(1–7) that it was relying on. The circumstances that negate consent in § 21.-04(b)(1–7) are the same as those in § 21.-02(b)(1–7). The Court held in *Rogers v. State, supra*, that the indictment was not fundamentally defective and would not have been subject to a motion to quash on these grounds.

It is clear to us that the holding in *Rogers v. State, supra*, is equally applicable to this cause.

The judgment of the trial court is affirmed.